13 CV 2666

JUDGE SULLIVAN

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Michael J. Scimone
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHAMMAD ANWAR, ILTAFAT HUSSEIN, AHMED NADEEM and ESSAM SHAMRON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE TRANSPORTATION GROUP, INC.; LOVE CORPORATE CAR, INC.; NY ONE CORPORATE CAR, INC.; LOVE LIMOUSINE NYC, LTD.; BELL RADIO, INC. d/b/a BELL CORPORATE CAR; FONE-A-CAR MANAGEMENT CORP.; SUMMIT CORPORATE CAR, INC.; NY ACE CAR CORP. d/b/a ACE C/L SERVICE, INC.; AVALON CORPORATE CAR, INC.; ALLEN MANAGEMENT COMPANY, LLC d/b/a ALLEN EXECUTIVE CAR SERVICE; OZOCAR TRANSPORTATION OF NEW YORK, LLC; U.S.A. LIMO, INC. d/b/a BLUE LINE; ALL CITY CORPORATE CAR; CITYWIDE CORPORATE CAR; ETG GREEN; NYC GREEN CAR; JOHN L. ACIERNO; JOHN L. "CHIP" ACIERNO III; and JEFFREY ACIERNO <br><br> Defendants. | **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** <br><br>  |

Plaintiffs Muhammad Anwar, Iltafat Hussein, Ahmed Nadeem and Essam Shamron

(collectively, "Plaintiffs"), individually on behalf of all others similarly situated, as class

representatives by their attorneys Kahn Opton, LLP and Outten & Golden LLP, upon personal

knowledge as to themselves and upon information and belief as to other matters, allege as

follows:

## NATURE OF ACTION

1.      Defendant Executive Transportation Group, Inc. ("Executive") provide luxury car and limousine transportation services, mainly to corporate customers in the New York City metropolitan area, generally known as the "black car" industry.

2.      Executive runs its business through a number of separately incorporated franchise companies, including but not limited to Defendants Love Corporate Car, Inc.; NY One Corporate Car, Inc.; Love Limousine NYC, Ltd.; Bell Radio, Inc. d/b/a Bell Corporate Car; Fone-A-Car Management Corp.; Summit Corporate Car, Inc.; NY Ace Car Corp. d/b/a Ace C/L Service, Inc.; Avalon Corporate Car, Inc.; Allen Management Company, LLC d/b/a Allen Executive Car Service; Ozocar Transportation of New York, LLC; U.S.A. Limo, Inc. d/b/a Blue Line; All City Corporate Car; Citywide Corporate Car; ETG Green; and NYC Green Car ("ETG franchise companies"), all of which are based at a single headquarter office at 1440 39th Street, Brooklyn, New York 11218 (collectively with Executive Transportation Group, Inc., "ETG").

3.      ETG receives its entire income and revenue through providing transportation services, primarily through the workers who drive cars on its behalf.

4.      Plaintiffs worked for ETG as drivers throughout the New York City area.  ETG controlled Plaintiffs' terms and conditions of employment by, *inter alia*, providing dispatch equipment and proprietary dispatch software to drivers, determining the clients available to them, setting the price of all fares, controlling the payment of Plaintiffs' wages, creating rules for drivers, and imposing fines for violations of rules.

5.      In misclassifying its drivers as "independent contractors," ETG has denied them the benefits that the law affords to employees, particularly fair and proper payment of their

2

wages including overtime compensation and protection against unlawful deductions from their earned wages.

6.      This lawsuit seeks the payment of all unpaid overtime compensation together with liquidated damages and interest and the recovery of all unlawful deductions from wages that ETG imposed on Plaintiffs and putative class members.

7.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

8.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of New York Labor Law ("NYLL"), Article 6 §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337 and has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).  This Court also has jurisdiction over Plaintiffs' state claims based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A) because the aggregated claims of the individual class members exceed the value of $5,000,000, exclusive of interests and costs.

11.     More than two-thirds of the proposed class, on the one hand, and Defendants, on the other, are citizens of different states.

12.     Plaintiffs' claims involve matters of national or interstate interest.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiffs

#### Muhammad Anwar

15.     Plaintiff Muhammad Anwar is an adult individual and a resident of Parlin, New Jersey.

16.     Muhammad Anwar was employed by Defendants as a driver from approximately 2003 to the present.

17.     Muhammad Anwar is a covered employee within the meaning of the FLSA and NYLL.

18.     Muhammad Anwar has filed a written consent to join this action, a copy of which is attached hereto as Exhibit A.

#### Iltafat Hussein

19.     Plaintiff Iltafat Hussein is an adult individual and a resident of Sayreville, New Jersey.

4

20.     Iltafat Hussein was employed by Defendants in and around the New York City metropolitan area as a driver from approximately 1991 to the present.

21.     Iltafat Hussein is a covered employee within the meaning of the FLSA and NYLL.

22.     Iltafat Hussein has filed a written consent to join this action, a copy of which is attached hereto as Exhibit B.

**Ahmed Nadeem**

23.     Plaintiff Ahmed Nadeem is an adult individual and a resident of Brooklyn, New York.

24.     Ahmed Nadeem was employed by Defendants in and around the New York City metropolitan area as a driver from approximately 1997 to the present.

25.     Ahmed Nadeem is a covered employee within the meaning of the FLSA and NYLL.

26.     Ahmed Nadeem has filed a written consent to join this action, a copy of which is attached hereto as Exhibit C.

**Essam Shamron**

27.     Plaintiff Essam Shamron is an adult individual and a resident of Bayonne, New Jersey.

28.     Essam Shamron was employed by Defendants in and around the New York City metropolitan area as a driver from approximately 1986 to the present.

29.     Essam Shamron is a covered employee within the meaning of the FLSA and NYLL.

30.   Essam Shamron has filed a written consent to join this action, a copy of which is attached hereto as Exhibit D.

**Defendants**

31.   Defendants Executive Transportation Group, Inc.; Love Corporate Car, Inc.; NY One Corporate Car, Inc.; Love Limousine NYC, Ltd.; Bell Radio, Inc. d/b/a Bell Corporate Car; Fone-A-Car Management Corp.; Summit Corporate Car, Inc.; NY Ace Car Corp. d/b/a Ace C/L Service, Inc.; Avalon Corporate Car, Inc.; Allen Management Company, LLC d/b/a Allen Executive Car Service; Ozocar Transportation Of New York, LLC; U.S.A. Limo, Inc. d/b/a Blue Line; All City Corporate Car; Citywide Corporate Car; ETG Green; NYC Green Car; John L. Acierno; John L. "Chip" Acierno III; and Jeffrey Acierno (collectively, "Defendants") operate as a part of single integrated enterprise that employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant to this case.  Defendants' operations are interrelated and unified.

32.   Each Defendant has had substantial control over aspects of labor relations, Plaintiffs' working conditions, and the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

33.   During relevant times, Defendants have been Plaintiffs' employer and/or joint employers within the meaning of the FLSA and NYLL.

34.   Defendants Executive Transportation Group, Inc.; Love Corporate Car, Inc.; NY One Corporate Car, Inc.; Love Limousine NYC, Ltd.; Bell Radio, Inc. d/b/a Bell Corporate Car; Fone-A-Car Management Corp.; Summit Corporate Car, Inc.; N.Y. Ace Car Corp. d/b/a Ace C/L Service, Inc.; Avalon Corporate Car, Inc.; Allen Management Company, LLC d/b/a Allen Executive Car Service; Ozocar Transportation Of New York, LLC; U.S.A. Limo, Inc. d/b/a Blue

Line; All City Corporate Car; Citywide Corporate Car; ETG Green; and NYC Green Car are all New York corporations with a common principal place of business at 1440 39th Street, Brooklyn, New York 11218.

35.     All Defendants share employees with one or more other Defendants.

36.     All Defendants share common ownership and managers.

**John L. Acierno**

37.     Upon information and belief, John L. Acierno is a resident of Short Hills, New Jersey.

38.     John L. Acierno owns and/or operates ETG and the ETG Franchise Companies.

39.     At all relevant times, John L. Acierno has had power over personnel decisions at ETG and the ETG Franchise Companies.

40.     At all relevant times, John L. Acierno has had the power to hire and fire employees of ETG and the ETG Franchise Companies.

41.     At all relevant times, John L. Acierno has had the power to set employee wages and make compensation decisions at ETG and the ETG Franchise Companies.

42.     At all relevant times, John L. Acierno has controlled conditions of employment for all employees of ETG and the ETG Franchise Companies.

43.     John L. Acierno is an employer within the meaning of the FLSA and NYLL.

**John L. "Chip" Acierno III**

44.     Upon information and belief, John L. "Chip" Acierno III is a resident of Scarsdale, New York.

45.     John L. "Chip" Acierno III owns and/or operates ETG and the ETG Franchise Companies.

7

46.     At all relevant times, John L. "Chip" Acierno III has had power over personnel decisions at ETG and the ETG Franchise Companies.

47.     At all relevant times, John L. "Chip" Acierno III has had the power to hire and fire employees of ETG and the ETG Franchise Companies.

48.     At all relevant times, John L. "Chip" Acierno III has had the power to set employee wages and make compensation decisions at ETG and the ETG Franchise Companies.

49.     At all relevant times, John L. "Chip" Acierno III has controlled conditions of employment for all employees of ETG and the ETG Franchise Companies.

50.     John L. "Chip" Acierno III is an employer within the meaning of the FLSA and NYLL.

**Jeffrey Acierno**

51.     Upon information and belief, Jeffrey Acierno is a resident of Marlboro, New Jersey.

52.     Jeffrey Acierno owns and/or operates ETG and the ETG Franchise Companies.

53.     At all relevant times, Jeffrey Acierno has had power over personnel decisions at ETG and the ETG Franchise Companies.

54.     At all relevant times, Jeffrey Acierno has had the power to hire and fire employees of ETG and the ETG Franchise Companies.

55.     At all relevant times, Jeffrey Acierno has had the power to set employee wages and make compensation decisions at ETG and the ETG Franchise Companies.

56.     At all relevant times, Jeffrey Acierno has controlled conditions of employment for all employees of ETG and the ETG Franchise Companies.

57.     Jeffrey Acierno is an employer within the meaning of the FLSA and NYLL.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

58.     Plaintiffs bring the First Cause of Action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as drivers on or after the date that is three years before the filing of the Class Action Complaint in this case, who elect to opt in to this action (the "FLSA Collective").

59.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

60.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      A.  willfully misclassifying Defendants' employees as independent contractors;

      B.  willfully failing to pay Defendants' employees, including Plaintiffs and the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per workweek; and

      C.  willfully failing to record all of the time that Defendants' employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

61.     Defendants are aware or should have been aware that federal law required them to pay employees an overtime premium for hours worked in excess of 40 per workweek.

62.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

63.     Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims earlier than they did.  Defendants did so by, *inter alia,*

leading Plaintiffs and Class Members to believe that they were independent contractors and not employees.

64.     Defendants are liable under the FLSA, for *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.  Upon information and belief, ETG operates at least 14 ETG franchise companies in the State of New York and each ETG franchise company jointly employs numerous drivers.  Accordingly, there are numerous similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

65.     Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all drivers at any ETG franchise company in New York State, on or after the date that is six years before the filing of the Class Action Complaint in this case (the "Rule 23 Class").

66.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

67.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

68.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

69.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

70.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    A.  whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    B.  whether Defendants failed to compensate Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

    C.  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

    D.  whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

    E.  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    F.  the nature and extent of class-wide injury and the measure of damages for those injuries.

71.     Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to

represent. Plaintiffs and all members of the Rule 23 Class work, or have worked, for Defendants and were subject to the same policies and practices. Plaintiffs and members of the Rule 23 Class enjoy the same statutory rights under the NYLL to be paid overtime wages. Plaintiffs and members of the Rule 23 Class have all sustained similar types of damages as a result of Defendants' failures to comply with the NYLL. Plaintiffs and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

72.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

73.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

93.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

94.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class Action Complaint.

95.     Plaintiffs have consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

96.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

97.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

98.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

99.     At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

100.    Defendants have failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled to under the FLSA.

101.    Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

102.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

103.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

104.    As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

105.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

107.    At all times relevant, Plaintiffs and members of the Rule 23 Class have been employees and Defendants have been their employer within the meaning of the NYLL.

108.    Plaintiffs and the Rule 23 Class members are covered by the NYLL.

109.    Defendants employed Plaintiffs and members of the Rule 23 Class as an employer.

110.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §650 *et seq.*, and the

supporting New York State Department of Labor Regulations.

111.    Defendants failed to pay Plaintiffs and members of the Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

112.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and members of the Rule 23 Class.

113.    Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

114.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Record Keeping Violations**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

115.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class notice as required by NYLL Article 6, § 195.1, in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

117.   Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate regular statements of wages as required by NYLL Article 6, § 195.3, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

118.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each workweek that the NYLL § 195.3 violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6, § 198(1)-d, fifty dollars for each workweek that the NYLL § 195.1 violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6, § 198(1)-b, reasonable attorneys' fees, costs, injunctive and declaratory relief.

### FOURTH CAUSE OF ACTION
#### New York Labor Law – Unlawful Deductions
#### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

119.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

120.   Defendants engaged in a widespread pattern, policy, and practice of violating the

NYLL, as detailed in this Class Action Complaint.

121.     Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

122.     At all relevant times, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been an employer within the meaning of the NYLL.

123.     The provisions of NYLL § 193 apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

124.     Defendants have willfully reduced the wages of Plaintiffs and the members of the Rule 23 Class by making unlawful deductions from their wages.

125.     In addition, Defendants have forced Plaintiffs to incur expenses for Defendants' benefit without reimbursement.  The required and unreimbursed expenses incurred by Plaintiffs and the members of the Rule 23 Class for the benefit of Defendants were unlawful deductions from the wages of Plaintiffs and the New York Class Members, in violation of NYLL § 193.

126.     Due to these violations, Plaintiffs and the members of the New York Class are entitled to recover from Defendants deductions from their wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as drivers.

19

Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages pursuant to NYLL;

D.      One hundred dollars for each work week that the violations of NYLL Article 6 § 195.3 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

E.      Fifty dollars for each work week that the violations of NYLL Article 6 § 195.1 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-b;

F.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

H.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL;

I.      Pre-judgment interest and post-judgment interest as provided by law;

J.      Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Defendants from continuing their unlawful practices;

K.      Attorneys' fees and costs of the action;

L.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York
      April 23, 2013

Respectfully submitted,

_____
Adam T. Klein

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Michael J. Scimone
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

*Attorneys for Plaintiffs and
the Putative Class and Collective*

21

# Exhibit A

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Executive Transportation Group and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

The entities and/or individuals may include, but not be limited to, Ace Car & Limousine service, Inc., All City Corporate Car, Inc., Allen Management, LLC., Avalon Corporate Car, Inc, Bell Radio, Inc., Citywide Corporate Car, CMC Management Group, LLC., ETG Green, Love Corp Car, Inc., Love Limousine NYC Ltd., N.Y. One Corporate Car Inc., NYC Green Car, Inc., Summit Corporate Car Inc, U.S.A. Limo, Inc, Fone-a-Car, Ozocar, Online, and John L. Acierno.

I designate the Kahn Opton, LLP and Outten & Golden LLP law firms to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by these law firms on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the law firms will petition the Court to award them attorney's fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of

hours expended on the lawsuit, or (2) 1/3 of any gross settlement or judgment amount.  I agree

to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

MUHAMMAD ANWAR
Print name

1905 Lakeview Drive
Address

Parlin NJ 08859
City, State, and Zip Code

# Exhibit B

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Executive Transportation Group and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

The entities and/or individuals may include, but not be limited to, Ace Car & Limousine service, Inc., All City Corporate Car, Inc., Allen Management, LLC., Avalon Corporate Car, Inc, Bell Radio, Inc., Citywide Corporate Car, CMC Management Group, LLC., ETG Green, Love Corp Car, Inc., Love Limousine NYC Ltd., N.Y. One Corporate Car Inc., NYC Green Car, Inc., Summit Corporate Car Inc, U.S.A. Limo, Inc, Fone-a-Car, Ozocar, Online, and John L. Acierno.

I designate the Kahn Opton, LLP and Outten & Golden LLP law firms to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by these law firms on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the law firms will petition the Court to award them attorney's fees  from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of

hours expended on the lawsuit, or (2) 1/3 of any gross settlement or judgment amount.  I agree

to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

ILTAFAT HUSSAIN
Print name

78 MACARTHUR AVE
Address

SAYREVILLE, NJ, 08872.
City, State, and Zip Code

# Exhibit C

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Executive Transportation Group and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

The entities and/or individuals may include, but not be limited to,  Ace Car & Limousine service, Inc., All City Corporate Car, Inc., Allen Management, LLC., Avalon Corporate Car, Inc, Bell Radio, Inc., Citywide Corporate Car, CMC Management Group, LLC., ETG Green, Love Corp Car, Inc., Love Limousine NYC Ltd., N.Y. One Corporate Car Inc., NYC Green Car, Inc., Summit Corporate Car Inc, U.S.A. Limo, Inc, Fone-a-Car, Ozocar, Online, and John L. Acierno.

I designate the Kahn Opton, LLP and Outten & Golden LLP law firms to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by these law firms on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the law firms will petition the Court to award them attorney's fees  from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of

hours expended on the lawsuit, or (2) 1/3 of any gross settlement or judgment amount.  I agree

to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

Ahmad NADEEM
_____
Print name

2608   E 7 St   FL 1
_____
Address

Brooklyn   NY 11235
_____
City, State, and Zip Code

# Exhibit D

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against Executive Transportation Group and other related entities and/or individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

The entities and/or individuals may include, but not be limited to, Ace Car & Limousine service, Inc., All City Corporate Car, Inc., Allen Management, LLC., Avalon Corporate Car, Inc, Bell Radio, Inc., Citywide Corporate Car, CMC Management Group, LLC., ETG Green, Love Corp Car, Inc., Love Limousine NYC Ltd., N.Y. One Corporate Car Inc., NYC Green Car, Inc., Summit Corporate Car Inc, U.S.A. Limo, Inc, Fone-a-Car, Ozocar, Online, and John L. Acierno.

I designate the Kahn Opton, LLP and Outten & Golden LLP law firms to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by these law firms on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the law firms will petition the Court to award them attorney's fees  from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of

hours expended on the lawsuit, or (2) 1/3 of any gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Shamra Essam_
Signature

_SHAMRON ESSAM_
Print name

_81 4/24 St #2_
Address

_BAYONNE N.J. 07002_
City, State, and Zip Code