**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Michael J. Scimone
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHAMMAD ANWAR, ILTAFAT HUSSAIN, AHMED NADEEM, SALMAN DURRANI, and SHEIKH Z. AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSPORTATION SYSTEMS, INC. d/b/a EXECUTIVE TRANSPORTATION GROUP; LOVE CORPORATE CAR INC.; N.Y. ONE CORPORATE CAR INC.; LOVE LIMOUSINE NYC, LTD.; SUMMIT CORPORATE CAR INC.; N.Y. ACE CORP.; NEWPORT CORPORATE CAR, INC.; JOHN L. ACIERNO; JOHN L. "CHIP" ACIERNO III; and JEFFREY ACIERNO,<br><br>Defendants. | No. 13 Civ. 2666 (GHW) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

    I.    Factual and Procedural History .................................................................................... 1

    II.    Summary of the Settlement Terms ............................................................................... 3

        A.    No Admission of Liability ................................................................................ 3

        B.    The Settlement Fund ........................................................................................ 3

        C.    Notice and Timing of Payments ...................................................................... 3

        D.    Release ............................................................................................................. 4

        E.    Allocation Formula .......................................................................................... 4

        F.    Attorneys' Fees and Litigation Costs ............................................................... 5

        G.    Service Payments ............................................................................................. 5

ARGUMENT .............................................................................................................................. 5

    I.    The Settlement Should Be Approved Because It Is Fair and Reasonable ................... 5

        A.    The Settlement Terms are Reasonable in Light of the Risk Plaintiffs Faced ........ 5

        B.    The Proposed Notice Should Be Approved .................................................... 7

    II.    The Requested Attorney's Fees and Costs Are Reasonable and Should Be Approved ... 7

    III.    The Requested Service Payments Are Reasonable and Should Be Approved ................ 9

CONCLUSION .......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Alli v. Boston Mkt. Corp.*,
No. 10 Civ. 04, 2011 WL 6156938 (D. Conn. Dec. 9, 2011) ...................................................... 7

*Aros v. United Rentals, Inc.*,
Nos. 10 Civ. 73 ........................................................................................................................... 5

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
450 U.S. 728 (1981) .................................................................................................................... 5

*Brooklyn Savings Bank v. O'Neil*,
324 U.S. 697 (1945) .................................................................................................................... 5

*Campos v. Goode*,
No. 10 Civ. 0224, 2011 WL 9530385 (S.D.N.Y. Mar. 4, 2011) ................................................. 6

*Capsolas v. Pasta Res. Inc.*,
No. 10 Civ. 5593, 2012 WL 4760910 (S.D.N.Y. Oct. 5, 2012) ......................................... 6, 8, 9

*Chavarria v. N.Y. Airport Serv., LLC*,
875 F. Supp. 2d 164 (E.D.N.Y. 2012) ........................................................................................ 5

*Clark v. Ecolab Inc.*,
Nos. 07 Civ. 8623 ....................................................................................................................... 6

*Frank v. Eastman Kodak Co.*,
228 F.R.D. 174 (W.D.N.Y 2005) ................................................................................................ 6

*Guippone v. BH S&B Holdings, LLC*,
No. 09 Civ. 1029, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) ............................................. 10

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) .................................................................................................................... 8

*Lovaglio v. W & E Hospitality, Inc.*,
No. 10 Civ. 7351, 2012 WL 2775019 (S.D.N.Y. July 6, 2012) ............................................... 10

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) .................................................................................................. 6

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C*,
No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ............................................ 9, 10

*Reyes v. Altamarea Grp., LLC*,
  No. 10 Civ. 6451, 2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) ............................................10

*Saleem v. Corporate Transp. Grp., Ltd.*,
  No. 12 Civ. 8450, 2014 WL 4626075 (S.D.N.Y. Sept. 16, 2014) ..............................................7

*Sand v. Greenberg*,
  No. 08 Civ. 7840, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010) ......................................................8

*Sewell v. Bovis Lend Lease, Inc.*,
  No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) ............................................10

*Thomas v. State of La.*,
  534 F.2d 613 (5th Cir. 1976) ......................................................................................................6

*Toure v. Amerigroup Corp.*,
  No. 10 Civ. 5391, 2012 WL 3240461 (E.D.N.Y. Aug. 6, 2012) ..............................................10

*Willix v. Healthfirst Inc.*,
  No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011) ................................................9

*Yuzary v. HSBC Bank USA, N.A.*,
  No. 12 Civ. 3693, 2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013) .................................................9

**STATUTES**

29 U.S.C. § 216(b) ...........................................................................................................................6, 7

NYLL Art. 6 § 198..............................................................................................................................8

N.J.S.A. § 34:11-56a25......................................................................................................................8

## INTRODUCTION

Subject to Court approval, Plaintiffs Muhammad Anwar, Iltafat Hussain, Salman Durrani, Sheikh Ahmed, and Ahmed Nadeem, on behalf of themselves and 231 Opt-In Plaintiffs, and Defendants have settled this lawsuit for a total of $360,000.

Plaintiffs respectfully move for an Order: (1) approving the settlement of their Fair Labor Standards Act ("FLSA") and state law claims, as set forth in the Settlement and Release Agreement ("Settlement Agreement"), attached as Exhibit A to the Declaration of Rachel Bien ("Bien Decl."); (2) approving the proposed settlement notice ("Notice"), which is attached as Exhibit B to the Bien Decl.; (3) approving Plaintiffs' request for attorneys' fees and costs; and (4) approving service payments to the named Plaintiffs and Opt-In Plaintiff Mohammad Faridi.

The settlement satisfies the criteria for settlement approval under the FLSA because it was reached after sufficient discovery and contested litigation and was the result of arms-length settlement negotiations conducted by counsel well-versed in wage and hour law.

I.  **Factual and Procedural History**

On April 23, 2013, Plaintiffs Muhammad Anwar, Iltafat Hussain, Ahmed Nadeem, and Essam Shamron filed a Class and Collective Action Complaint on behalf of drivers who have provided driving services for Defendant Transportation Systems, Inc., its owners, and several related entities ("ETG"). ECF No. 1 (Compl.). The Complaint alleged that Defendants violated the FLSA and New York Labor Law ("NYLL") by: (1) misclassifying their drivers as "independent contractors," and failing to pay them overtime; and (2) taking unlawful deductions from drivers' earned wages. *Id.* ¶¶ 5-8.

Plaintiffs filed a Second Amended Complaint on January 9, 2014, which added overtime claims under the New Jersey Wage and Hour Law ("NJWHL") and two Plaintiffs, and removed one Plaintiff.  *See* ECF No. 92 (2d Am. Compl.).

On August 21, 2013, the parties agreed to engage in targeted discovery in advance of mediation.  Bien Decl. ¶ 11.  The parties exchanged and reviewed relevant documents, including franchise and sublicensing agreements, compensation policies, training documents, company Rulebooks, fee agreements, and Plaintiffs' tax documents.  *Id.*  Defendants also took the depositions of Plaintiffs Anwar and Hussain and Opt-In Plaintiff Mohammad Faridi.  *Id.*

On January 7, 2014, the parties attended a full day of mediation with a private mediator at JAMS.  *Id.* ¶ 12.  The parties reached agreement on certain terms, however, issues arose following the mediation that the parties were unable to resolve.  *Id.*  On April 9, 2014, the parties attended a settlement conference with Magistrate Judge Dolinger, but were unable to resolve their issues.  *Id.* ¶ 13.  Following the conference, the parties returned to litigation.  *Id.*

On April 28, 2014, a group of ETG drivers sought to intervene in the lawsuit.  ECF Nos. 108-109, 120.  Plaintiffs opposed their motion, which the Court denied on May 23, 2014.  ECF Nos. 114-15, 121.  Plaintiffs filed a Third Amended Complaint on June 6, 2014, which eliminated the class claims under Rule 23 of the Federal Rules of Civil Procedure and several Defendants, and narrowed the collective definition.  ECF No. 125.

The parties exchanged discovery requests in June and July 2014, and participated in a meet and confer discovery session on September 15, 2014 to negotiate the scope of anticipated opt-in discovery.  Bien Decl. ¶ 16.  Shortly thereafter, the parties resumed settlement negotiations, which continued for several weeks.  *Id.*

**II.     Summary of the Settlement Terms**

    **A.     No Admission of Liability**

Defendants have agreed to settle the action without admitting or conceding any liability or damages whatsoever to avoid the burden, expense, and uncertainty of continuing the litigation. Ex. A (Settlement Agreement) ¶ 2.4.

    **B.     The Settlement Fund**

Defendants have agreed to create a settlement fund of $360,000.00 ("the Fund"), which covers settlement awards to Plaintiffs and the 231 Opt-In Plaintiffs ("Settlement Participants"), Court-approved attorneys' fees, costs, and service payments, the claims administrator's fees, any fees associated with investing and liquidating the settlement fund, and any taxes incurred directly or indirectly as a result of investing the settlement fund. *Id.* ¶ 3.1(A). Defendants will make an initial deposit of $120,000.00 into an escrow account administered by the claims administrator within 3 business days after the account is opened, and will deposit the remainder of the fund ten days after the end of the notice period. *Id.* ¶ 3.1(B)-(C).

    **C.     Notice and Timing of Payments**

If the Court grants approval of the settlement, within 10 days of the Court's order, the claims administrator will mail the Notice to the Settlement Participants. *Id.* ¶ 2.6(E). The Notice will advise Settlement Participants of the settlement terms, their anticipated payments, and the procedure of excluding themselves from the settlement. *Id.* ¶ 2.6(H). Settlement Participants will have 45 days after the Notice is mailed to exclude themselves ("Notice Period"). *Id.* ¶¶ 1.7, 2.6(H).

Settlement Participants will not need to do anything to obtain their payments. If they do not exclude themselves, they will receive a check for their settlement amount within 10 days

after the expiration of the Notice Period, provided that the Court has entered the Final Order and Judgment. *Id.* ¶ 3.1(E). There will be no reversion of any portion of the Fund to Defendants. *Id.* ¶ 3.1(F). Any interest accrued from the Fund, net of any associated taxes and fees, will become part of the Fund. *Id.* ¶ 3.1(D).

### D. Release

Each settlement check will contain a release providing that Settlement Participants will release all wage and hour claims against Defendants and Executive Charge, Inc. under the FLSA, NYLL, and NJWHL that accrued or could have accrued between April 23, 2010 and the date on which the Court grants approval of the Settlement Agreement by endorsing, depositing, or cashing their checks. Ex. A (Settlement Agreement) ¶ 3.5(A).

### E. Allocation Formula

Settlement Participants' individual payments will be determined based on the number of weeks they provided driving services to Defendants between April 23, 2010 and October 1, 2014. *Id.* ¶ 3.4(A). The claims administrator will determine each Settlement Participant's payment by dividing the Fund – net of Court-approved attorneys' fees, costs, service payments, and claims administration fees – by the total number of weeks in which driving services were provided by all Settlement Participants. *Id.* The claims administrator will then multiply that number by the number of weeks in which driving services were provided by each Settlement Participant to obtain their individual payments. *Id.*

Settlement Participants will have 90 days to cash their settlement checks. *Id.* ¶ 3.4(D). After the 90 day period elapses, any remaining funds from uncashed checks will either be redistributed to Settlement Participants who cashed their checks or donated to a *cy pres* beneficiary. *Id.* ¶ 3.4(E).

### F. Attorneys' Fees and Litigation Costs

Pursuant to the Settlement Agreement, Plaintiffs seek one-third of the Fund – $120,000.00 – as their attorneys' fees, plus reimbursement of $20,000 in litigation costs. *Id.* ¶ 3.2(A).

### G. Service Payments

Pursuant to the Settlement Agreement, Plaintiffs seek service payments for the named Plaintiffs and Opt-In Plaintiff Mohammad Faridi of $1,000 each, in recognition of the services they rendered to the collective, including having their depositions taken, responding to discovery requests, and participating in settlement negotiations, and the risks they incurred. *Id.* ¶ 3.3(A).

## ARGUMENT

### I. The Settlement Should Be Approved Because It Is Fair and Reasonable.

#### A. The Settlement Terms Are Reasonable in Light of the Risk Plaintiffs Faced.

FLSA settlements require judicial approval to be effective. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-07 (1945) (holding that the right to minimum wages and overtime under the FLSA cannot be waived by private agreement because of the risk of employer-imposed conditions that would thwart the remedial purposes of the FLSA); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("[W]e have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate") (quoting *Brooklyn Savings Bank*, 324 U.S. at 707); *Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73 *et al.*, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012) (approving FLSA settlement and noting that court approval is required to effectuate an FLSA release); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp. 2d 164, 176 (E.D.N.Y. 2012) ("The majority of federal courts have required parties settling claims

under the FLSA to obtain court approval or supervision by the Department of Labor."); *but see Thomas v. State of La.*, 534 F.2d 613, 615 (5th Cir. 1976) (holding that court approval was not required where settlement gave plaintiffs everything to which they would have been entitled under the law).

"The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623 *et al.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). This is because class actions under Rule 23 are unlike collective actions under 29 U.S.C. § 216(b), which require individuals to affirmatively opt in to the litigation and do not affect the rights of those who do not opt in. *See Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5593, 2012 WL 4760910, at *6 (S.D.N.Y. Oct. 5, 2012).

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982); *Capsolas*, 2012 WL 4760910, at *6. Courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food Stores*, 679 F.2d at 1353-54; *Capsolas*, 2012 WL 4760910, at *6. If the proposed settlement reflects a reasonable compromise over contested issues, it should be approved. *See Lynn's Food Stores*, 679 F.2d at 1354; *Capsolas*, 2012 WL 4760910, at *6.

Here, the settlement was the result of contested litigation, reached after meaningful discovery, and was resolved through extensive arm's-length negotiations conducted by counsel well-versed in wage and hour law with assistance from Magistrate Judge Dolinger and a private mediator. Bien Decl. ¶¶ 8-17. *See Campos v. Goode*, No. 10 Civ. 0224, 2011 WL 9530385, at

*6 (S.D.N.Y. Mar. 4, 2011) (FLSA settlement approved after "the parties engaged in mediation with an experienced mediator in an effort to reach a resolution").

The settlement amount is reasonable in light of the considerable litigation risk that Plaintiffs faced. Another district court in this district recently granted summary judgment to the defendants in a case brought by black car drivers claiming they were misclassified as independent contractors. *See Saleem v. Corporate Transp. Grp., Ltd.*, No. 12 Civ. 8450, 2014 WL 4626075 (S.D.N.Y. Sept. 16, 2014). Although Plaintiffs believe the decision is flawed, nonetheless, it still presents uncertainty and a strong basis for settling the claims in this lawsuit.

Moreover, the payments to Settlement Participants are reasonable in view of the adverse decision in *Saleem*. The average payment is approximately $850, net of attorneys' fees, costs, service payments, and the claims administrator's fees. Bien Decl. ¶ 32.

### B. The Proposed Notice Should Be Approved.

The Court should approve the proposed Notice because it sufficiently informs Settlement Participants of the terms of the settlement, including the allocation formula, the exclusion process, and the scope of the release. *See* Bien Decl. Ex. B. *See Alli v. Boston Mkt. Corp.*, No. 10 Civ. 04, 2011 WL 6156938, at *4-5 (D. Conn. Dec. 9, 2011) (approving settlement notice that informed class members of the terms of the settlement and how to participate in it).

## II. The Requested Attorney's Fees and Costs Are Reasonable and Should Be Approved.

Plaintiffs seek one-third of the Fund for their attorneys' fees and $20,000 to reimburse their out-of-pocket costs and expenses. Ex. A (Settlement Agreement) ¶ 3.2(A). The FLSA, NYLL, and NJSA provide for reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to

7

the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); NYLL Art. 6 § 198; N.J.S.A. § 34:11-56a25. The U.S. Supreme Court has expressed a preference that parties agree to the amount of the fee, rather than resolve it through contested litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee.").

Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). "Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general,' attorneys who fill the private attorney general role must be adequately compensated for their efforts." *Capsolas*, 2012 WL 4760910, at *8. "If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Id.*

The attorneys' fees that Plaintiffs request are well below their lodestar of approximately $357,215.00. Bien Decl. ¶¶ 19, 22. Plaintiffs' counsel, paralegals, and support staff spent approximately 1,184 hours litigating and settling the case. *Id.* ¶ 20. The work that Plaintiffs' counsel has performed, including reviewing documents, preparing for and defending depositions, preparing for and attending the mediation and settlement conference, successfully defending against the intervenor motion, and negotiating the settlement terms, was significant and contributed to the resolution of the claims. *See Capsolas*, 2012 WL 4760910, at *7 (approving requested fee where "[t]he work that Class Counsel . . . performed in litigating and settling th[e] case demonstrate[d] their commitment to the class and to representing the class's interests").

Requests for one-third of the settlement fund are typical of fee awards in this Circuit. *See, e.g., Capsolas*, 2012 WL 4760910, at *8 (fee request of one-third is "consistent with the norms of class litigation in this circuit") (internal quotation marks and citation omitted); *Willix v. Healthfirst Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (same).

The $20,000 in costs that Plaintiffs seek is also below their actual costs of $22,175.15, which were used for court fees, court reporters, deposition transcripts, postage and courier fees, photocopies, and Plaintiffs' portion of the mediator's fees. Bien Decl. ¶ 23.

**III.    The Requested Service Payments Are Reasonable and Should Be Approved.**

Plaintiffs request that the Court approve service payments of $1,000 each to the five named Plaintiffs and Opt-In Plaintiff Mohammad Faridi. Ex. A (Settlement Agreement) ¶ 3.3(A). Service payments are common in class and collective action cases and serve to "compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *12 (S.D.N.Y. Oct. 2, 2013) (internal quotation marks and citation omitted).

Here, the service payments recognize the time and effort the named Plaintiffs and Opt-In Faridi expended by being participants in discovery, including having their depositions taken and/or responding to discovery requests, and by participating in the settlement negotiations. Bien Decl. ¶¶ 30-31. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents); *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010) (recognizing efforts of plaintiffs including meeting with

9

counsel, reviewing documents, formulating the theory of the case, identifying and locating other class members to expand settlement participants, and attending court proceedings); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *6 (E.D.N.Y. Aug. 6, 2012) (approving awards of $5,000 for opt-ins who participated in discovery).

The payments also reflect the risk these individuals incurred in actively engaging in the litigation while continuing to provide driving services for Defendants.  *See Sewell v. Bovis Lend Lease*, *Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *14 (S.D.N.Y. Apr. 16, 2012) ("Plaintiffs litigating cases in an employment context face the risk of subjecting themselves to adverse actions by their employer."); *Guippone v. BH S&B Holdings, LLC*, No. 09 Civ. 1029, 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) ("Even where there is not a record of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for assuming the risk of such for the sake of absent class members.").

Courts routinely approve service payments of much more than Plaintiffs seek here.  *See, e.g.*, *Toure*, 2012 WL 3240461, at *6 (approving awards of $10,000 for each plaintiff); *Lovaglio v. W & E Hospitality, Inc.*, No. 10 Civ. 7351, 2012 WL 2775019, at *4 (S.D.N.Y. July 6, 2012) (same).  The payments amount to just 1.6% of the total recovery, which is a reasonable percentage.  *See, e.g., Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (S.D.N.Y. Aug. 16, 2011) (approving awards representing approximately 16.6% of the settlement); *Frank*, 228 F.R.D. at 187-88 (approving award of approximately 8.4% of the settlement).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) approve the Settlement Agreement and enter the Proposed Final Order and Judgment; (2) approve the proposed Notice and authorize its distribution; (3) approve Plaintiffs' request for one-third of the fund for their attorneys' fees and $20,000 in costs; and (4) approve service awards of $1,000 each to Plaintiffs Muhammad Anwar, Iltafat Hussain, Salman Durrani, Sheikh Ahmed, and Ahmed Nadeem and to Opt-In Plaintiff Mohammad Faridi.

Dated: November 11, 2014
       New York, New York

Respectfully submitted,

By:   /s/ Rachel Bien_____

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Michael J. Scimone
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**KAHN OPTON, LLP**
Stephen H. Kahn
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

*Attorneys for Plaintiffs*