# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHAMMAD ANWAR, ILTAFAT HUSSAIN, AHMED NADEEM, SALMAN DURRANI, and SHEIKH Z. AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSPORTATION SYSTEMS, INC. d/b/a EXECUTIVE TRANSPORTATION GROUP; LOVE CORPORATE CAR INC.; N.Y. ONE CORPORATE CAR INC.; LOVE LIMOUSINE NYC, LTD.; SUMMIT CORPORATE CAR INC.; N.Y. ACE CORP.; NEWPORT CORPORATE CAR, INC.; JOHN L. ACIERNO; JOHN L. "CHIP" ACIERNO III; and JEFFREY ACIERNO,<br><br>Defendants. | No. 13 Civ. 2666 (GHW) |

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement"), is hereby entered into by and between MUHAMMAD ANWAR, ILTAFAT HUSSAIN, AHMED NADEEM, SALMAN DURRANI, and SHEIKH Z. AHMAD (collectively the "Named Plaintiffs") on behalf of themselves and the Opt-Ins, as defined below (collectively "Plaintiffs"), and TRANSPORTATION SYSTEMS, INC. d/b/a EXECUTIVE TRANSPORTATION GROUP; LOVE CORPORATE CAR INC.; N.Y. ONE CORPORATE CAR INC.; LOVE LIMOUSINE NYC, LTD.; SUMMIT CORPORATE CAR INC.; N.Y. ACE CORP.; NEWPORT CORPORATE CAR, INC.; JOHN L. ACIERNO; JOHN L. "CHIP" ACIERNO III; and JEFFREY ACIERNO (collectively "Defendants").

### RECITALS

WHEREAS, certain of the Named Plaintiffs filed a Complaint against Defendants on April 23, 2013, which was amended on July 22, 2013, January 9, 2014, and June 6, 2014;

WHEREAS, the Named Plaintiffs asserted, *inter alia*, overtime claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") on their own behalf and on behalf of a collective, and individual claims under the New York Labor Law ("NYLL") and the New Jersey Wage and Hour Laws (the "NJWL");

WHEREAS, 231 individuals (the "Opt-Ins") joined the case by filing consent forms with the Court, which designated Outten & Golden LLP to represent them;

WHEREAS, the purpose of this Agreement is to settle the Named Plaintiffs' claims and the claims of the Opt-Ins alleged in *Anwar, et al. v. Transportation Systems Inc., et al.,* No. 13 Civ. 2666 (GHW) (S.D.N.Y.) ("the Litigation");

WHEREAS, Defendants deny the allegations and claims against them that Plaintiffs asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, counsel for the Parties have conducted an extensive investigation of the facts and claims alleged in the Litigation, including, but not limited to, reviewing documents and data, interviewing witnesses, and preparing for, taking, and defending the depositions of certain Named Plaintiffs and one Opt-In;

WHEREAS, the Parties (as defined below) have engaged in extensive arm's length negotiations and mediation concerning the settlement of the claims asserted in the Litigation;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Named Plaintiffs and Opt-Ins, or might result in a recovery that is less favorable to the Named Plaintiffs and Opt-Ins, and that would not occur for several years, the Named Plaintiffs and their counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Named Plaintiffs and the Opt-Ins.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

I.      **DEFINITIONS**

The defined terms set forth above and herein shall have the meanings ascribed to them.

1.1     Claims Administrator.  "Claims Administrator" shall mean the entity selected by Plaintiffs' Counsel to provide notice of the settlement and administer payment of the settlement.

1.2     Court. "Court" shall mean the United States District Court for the Southern District of New York, where the case is currently pending.

1.3     Defendants' Counsel. "Defendants' Counsel" shall mean Eric J. Wallach, Elisheva M. Hirshman, and Joseph A. Piesco, Kasowitz, Benson, Torres & Friedman, LLP, and Wayne Ian Baden, Schlam Stone & Dolan LLP.

1.4     Dues Weeks. "Dues Weeks" are weeks in which dues were paid to Defendants by Settlement Participants between April 23, 2010 and October 1, 2014. For those Settlement Participants who were not required to pay weekly dues during certain periods, every week per year that such individual provided driving services and did not have to pay dues which would otherwise have been due and owing between April 23, 2010 and October 1, 2014 shall constitute a Dues Week.

1.5     Escrow Account. "Escrow Account" shall mean the FDIC insured account created and controlled by the Claims Administrator.

1.6     Effective; Effective Date. The "Effective Date" is the date on which this Agreement becomes effective, which shall mean the later of: (1) thirty (30) days following the Court's Order granting approval of the settlement if no appeal is taken, or (2) the date of the Court's entry of a final order and judgment after resolving any appeals. However, the Parties will fulfill their obligations under the Agreement as contemplated herein prior to the Effective Date.

1.7     Notice Period. "Notice Period" shall be the 45-day period in which Opt-Ins are provided with notice of the settlement and given the opportunity to exclude themselves, as set forth in Paragraph 2.6(H) below. The Claims Administrator shall calculate the last day of the Notice Period and shall provide that information to Plaintiffs' Counsel and to Defendants' Counsel.

1.8     Opt-Ins. "Opt-Ins" are the 231 individuals who joined the Litigation before January 1, 2014 by filing consent to join forms with the Court and who were not dismissed by order on June 6, 2014. ECF No. 126.

1.9     Parties. "Parties" shall mean the Plaintiffs and Defendants.

1.10    Plaintiffs' Counsel. "Plaintiffs' Counsel" shall mean Adam T. Klein, Rachel Bien, and Michael J. Scimone, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, and Stephen H. Kahn, Kahn Opton LLP, One Parker Plaza, Fort Lee, New Jersey 07024.

1.11 Releasees. "Releasees" shall mean Executive Charge, Inc., Defendants, and Defendants' affiliates and subsidiaries, and their respective present or former officers, directors, agents, employees, shareholders, insurers, and attorneys.

1.12 Settlement Participants. "Settlement Participants" shall mean the Named Plaintiffs and the Opt-Ins who do not exclude themselves pursuant to the notice process described in Paragraph 2.6 below.

1.13 Settlement Fund. A "Settlement Fund" of $360,000 shall be the maximum that Defendants shall be required to pay to settle the Litigation. The "Net Settlement Fund" shall be the remainder of the Settlement Fund after deductions for Court-approved attorneys' fees and costs, service payments, the Claims Administrator's fees, any fees associated with investing and liquidating the Settlement Fund, and any taxes incurred directly or indirectly as a result of investing the Settlement Fund.

## II. APPROVAL AND NOTICE

2.1 Approval by the Court. Plaintiffs will submit to the Court a Motion for Settlement Approval ("Approval Motion") within 14 days of the full execution of the Agreement by each Named Plaintiff and each Defendant. Defendants will not oppose the Approval Motion; provided, however, Defendants shall have an opportunity to review and comment on the Approval Motion prior to its filing with the Court.

2.2 Denial of Approval. If the Court denies the Approval Motion, then the Parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted.

2.3 Retention of Claims Administrator. Within 5 calendar days after the Approval Motion is granted by the Court, Plaintiffs shall retain a Claims Administrator to administer the settlement process. The Claims Administrator shall be responsible for mailing the notice, calculating Settlement Participants' approximate shares of the Net Settlement Fund, and mailing checks as provided herein. The Parties agree to cooperate with the Claims Administrator and assist it in any way appropriate in administering the Settlement. The Claims Administrator's fees shall be paid from the Settlement Fund.

2.4 Final Order and Judgment from the Court. Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment. The proposed Final Order and Judgment will, among other things: (a) enter Judgment in accordance with this Agreement, (b) approve the settlement as fair, adequate, and reasonable, (c) dismiss the Litigation against Defendants with prejudice upon Defendants' compliance with the terms of payment of the Settlement Fund, as set forth in Paragraph 3.1 below, (d) incorporate the terms of this Agreement, and (e) set forth that Defendants have agreed to settle the Litigation without admitting or conceding any liability or damages whatsoever. Defendants will not oppose the application for the Final Order and Judgment; provided,

<u>however</u>, Defendants shall have an opportunity to review and comment on the proposed Final Order and Judgment prior to its filing with the Court.

**2.5** Failure to Obtain Final Order and Judgment from the Court. If the Court denies the Final Order and Judgment, then the Parties jointly agree to seek reconsideration of the ruling. Should reconsideration be denied, this Agreement shall become null and void and the case will proceed as if no settlement had been attempted.

**2.6** **Settlement Notice and Release**

(A) Within 5 days of the Court's grant of the Approval Motion, Defendants will provide Plaintiffs' Counsel with a list, in electronic form, of each Plaintiff that includes: (1) name, (2) last known address(es), (3) last known telephone number(s), (4) social security numbers; and (5) total Dues Weeks.

(B) With the data discussed in Paragraph 2.6(A), Defendants shall also provide information on Dues Weeks sufficient to enable Plaintiffs' Counsel to verify their calculations of Dues Weeks for Plaintiffs.

(C) Plaintiffs' Counsel shall provide the Claims Administrator with any updated contact information that they have for Plaintiffs.

(D) Attached as **Exhibit A** is a proposed Notice of Settlement ("Notice"), which Plaintiffs shall submit to the Court for its approval together with the Approval Motion.

(E) The Claims Administrator shall mail the Notice to Plaintiffs within 10 days of the Court's grant of the Approval Motion. The Notice will be issued via First Class United States mail, using each Plaintiff's last known address.

(F) The Claims Administrator shall take all reasonable steps to obtain the correct address of any Plaintiff for whom the Notice is returned by the post office as undeliverable, including using social security numbers to obtain better address information, and shall attempt re-mailings as described below.

(G) If Notices are returned to the Claims Administrator as undeliverable and an updated address is located, the Claims Administrator shall conduct a re-mailing. If such Notices also are returned as undeliverable, the Claim Administrator shall provide written notice of such undeliverable notices to Plaintiffs' Counsel and to Defendants' Counsel.

(H) **Exclusion Procedure.** The Notice shall advise Opt-Ins of their right to exclude themselves from the Agreement. Any Opt-In who chooses to do so must mail a written, signed statement to the Claims Administrator that he or she is opting out ("Opt-Out Statement"). The Opt-Out Statement must contain the name, address, and telephone number of the Opt-In to be valid. It must also contain the words "I elect to exclude myself from the settlement in *Anwar v. Transportation Systems, Inc.*" in order to be valid. To be effective, such Opt-Out Statements must also be

5

sent via First Class United States Mail and received by a date certain to be specified on the Notice, which will be 45 calendar days after the Claims Administrator mails the Notice. The 45-day period will begin to run from the first mailing, except for those Opt-Ins whose first mailing was returned to the Claims Administrator as undeliverable, in which case the 45-day period will begin to run from the date of the second mailing, unless another period is set by the Court. The Claims Administrator shall, within 10 calendar days after the last day on which it makes a mailing, notify Plaintiffs' Counsel and Defendants' Counsel of the precise date of the end of the Opt-Out Period. Plaintiffs' Counsel shall advise the Court of any Opt-Out Statements received.

## III. SETTLEMENT TERMS

### 3.1 Settlement Fund.

(A) Defendants agree to pay $360,000 which shall resolve and satisfy: (a) Court-approved attorneys' fees and costs; (b) amounts to be paid to Settlement Participants; (c) the Claims Administrator's fees; (d) any service payments pursuant to Paragraph 3.3 below; (e) any fees associated with investing and liquidating the Settlement Fund; and (f) any taxes incurred directly or indirectly as a result of investing the Settlement Fund.

(B) No later than 10 days after the Agreement is fully executed, Defendants shall deposit $120,000.00 into the Escrow Account ("First Payment").

(C) Defendants shall deposit the remainder of the Fund into the Escrow Account no later than ten (10) days after the end of the Notice Period ("Second Payment").

(D) Any interest accrued from the Escrow Account, net of taxes and any fees associated with investing such amount, shall immediately be added to and become part of the Settlement Fund.

(E) Provided the Final Order and Judgment has been granted, within 10 days of the expiration of the Notice Period, the Claims Administrator will make the following payments:

(1) Pay Settlement Participants their settlement checks pursuant to Paragraph 3.4 below;

(2) Pay the Named Plaintiffs and Opt-In Mohammad Faridi service payments from the Settlement Fund, subject to the Court's approval, pursuant to Paragraph 3.3 below;

(3) Pay Plaintiffs' Counsel's approved attorneys' fees and costs pursuant to Paragraph 3.2 below; and

(4) Pay the Claims Administrator's fees.

(F)     There will be no reversion of any of the Settlement Fund to Defendants; <u>provided, however</u>, if the Final Order and Judgment is denied, the Settlement Fund shall be returned to the Defendants in its entirety, including any interest thereon, within ten (10) business days of such denial.

**3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     Plaintiffs' Counsel shall petition the Court for one-third of the Settlement Fund as an award of attorneys' fees plus reimbursement of litigation costs and expenses of no more than $20,000. Defendants will not oppose the application.

(B)     The substance of the application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to the application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Approval. Any unapproved amounts will become part of the Net Settlement Fund to be distributed to Settlement Participants.

(C)     The payment of attorneys' fees and costs shall be made without withholding. Plaintiffs' Counsel will receive a Form 1099 for this payment. Plaintiffs' Counsel will provide Defendants with a completed Form W-9.

**3.3     Service Payments.**

(A)     In return for services rendered during the Litigation on behalf of the Plaintiffs, the Named Plaintiffs and Opt-In Mohammad Faridi shall apply to the Court to award them service payments in the amount of $1,000 each from the Settlement Fund. Defendants will not oppose such application.

(B)     The substance of the application for service payments is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to the application for service payments shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Approval. Any unapproved amounts will become part of the Net Settlement Fund to be distributed to Settlement Participants.

**3.4     Distribution to Settlement Participants.**

(A)     Settlement Participants' proportionate share of the Net Settlement Fund ("Individual Settlement Payment") shall be determined by the Claims Administrator pursuant to the formula set forth below:

(1)     Calculate the Dues Week Amount by dividing the Net Settlement Fund by the Total Dues Weeks.

  (2) To calculate the Individual Settlement Payments for the Settlement Participants, multiply the Dues Week Amount by each Settlement Participant's aggregate Dues Weeks between April 23, 2010 and October 1, 2014.

(B) The Claims Administrator will prepare and issue settlement checks and perform all tax reporting and issue all tax forms for each Settlement Participant. The Parties and their counsel make no representations concerning the tax consequences of these payments. Each Party shall be responsible for complying with federal, state and local tax laws with respect to their own obligations and rights under this Agreement.

(C) The Claims Administrator shall use reasonable efforts to make an additional mailing to Settlement Participants whose checks are returned because of incorrect addresses. Such efforts shall include using social security numbers to obtain better address information. Any additional efforts undertaken shall be in consultation with Plaintiffs' Counsel.

(D) Settlement Participants will have ninety (90) calendar days after their check date to cash their settlement payments or their settlement checks will be void. If a Settlement Participant alerts Plaintiffs' Counsel or the Claims Administrator during the 90-day period that he or she has not received his or her settlement check, the Claims Administrator will, upon confirming that the settlement check in question has not been redeemed, issue a stop payment on the original settlement check and reissue that settlement check. All such reissued checks will be valid for forty-five (45) days after the date of issue and will be void thereafter.

(E) Any checks that are not cashed by the deadlines above will be returned to the Escrow Account and, if administratively feasible in the Claim's Administrator's opinion, redistributed *pro rata* by the Claims Administrator to Settlement Participants who cashed their settlement checks. If the Claims Administrator determines that insufficient funds remain in the Escrow Account to make a redistribution, the funds will be donated to a *cy pres* beneficiary selected by Plaintiffs' Counsel and acceptable to Defendants, which consent shall not be unreasonably withheld.

**3.5 Release**

(A) **Settlement Participants.** All Settlement Participants, as a condition of the issuance of the settlement checks to them, release the Releasees from all wage and hour claims under the FLSA, NYLL, and/or NJWL that accrued or could have accrued between April 23, 2010 and the date on which the Court grants the Approval Motion. Settlement Participants shall be issued settlement checks with the following language appearing on the reverse of the checks, such that any endorsing, depositing, or cashing the check will operate as a full release of any FLSA, NYLL, and NJWL claim that accrued or could have accrued between April 23, 2010 and the date on which the Court grants the Approval Motion:

> By endorsing, depositing, or cashing this check, I release Executive Charge, Inc., Defendants, and Defendants' affiliates and subsidiaries, and their respective present and former officers, directors, agents, employees, shareholders, insurers, and attorneys from all wage and hour claims under the Fair Labor Standards Act, New York Labor Law, and New Jersey Wage Laws that accrued or could have accrued between April 23, 2010 and the date on which the Court grants the Approval Motion.

(B) **Release of Fees and Costs for Settled Matters.** Plaintiffs' Counsel and the Named Plaintiffs, on behalf of themselves and Settlement Participants, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Executive Charge, Inc., Defendants, and Defendants' affiliates and subsidiaries, and their respective present and former officers, directors, agents, employees, shareholders, insurers, and attorneys for attorneys' fees or costs associated with the Litigation and Plaintiffs' Counsel's representation of the Named Plaintiffs and Settlement Participants.

(C) **Release of Claims Against Plaintiffs' Counsel.** Defendants hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Plaintiffs' attorneys associated with the Litigation and/or Plaintiffs' Counsel's representation of Plaintiffs in the Litigation.

(D) **No Assignment.** Plaintiffs' Counsel and Plaintiffs, on behalf of themselves and the Settlement Participants, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any interest or claim in this Litigation, or any portion thereof.

(E) **Notice; Court Order.** The Notice and the Final Judgment and Order shall incorporate the above release language such that each Settlement Participant shall be bound by the terms of this Agreement.

**3.6   Miscellaneous**

(A) **Cooperation Among the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B) **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(C)     Binding Effect.  This Agreement shall be binding upon the Parties, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, trustees in bankruptcy, attorneys, and assigns.

(D)     Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(E)     Captions.  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F)     Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(G)     Blue Penciling.  Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

(H)     Governing Law.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(I)     Continuing Jurisdiction.  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

(J)     Waivers, etc. to Be in Writing.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(K)  Counterparts.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Named Plaintiffs and Defendants had signed the same instrument.

(L)  Facsimile/Electronic Signatures.  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

(M)  **No Retaliation.**  Defendants will not retaliate against the Named Plaintiffs or the Opt-Ins for their participation in this Litigation and/or this settlement.  Defendants shall not attempt to persuade any such individual to refuse, or not accept, any payment made pursuant to this Agreement.

DATED: October 27, 2014 _____
Muhammad Anwar

DATED: October 27, 2014 _____
Iltafat Hussain

DATED: October 27, 2014 _____
Ahmed Nadeem

DATED: October 27, 2014 _____ [SALMAN.] DURRANI
Salman Durrani

DATED: October 27, 2014 _____
Sheikh Z. Ahmad

DATED: October 28, 2014 Transportation Systems, Inc.
By: _____
Its: _____Pres_____

DATED: October 28, 2014 Executive Charge, Inc.
By: _____
Its: _____Pres_____

DATED: October 28, 2014 Love Corporate Car Inc.
By: _____
Its: _____Pres_____

DATED: October 28, 2014 N.Y. One Corporate Car Inc.
By: _____
Its: _____Pres_____

12

DATED: October 28, 2014        Love Limousine NYC, Ltd.

                               By: _____

                               Its: _____ P-es

DATED: October 29, 2014        Summit Corporate Car Inc.

                               By: _____

                               Its: _____ P-es

DATED: October 28, 2014        N.Y. Ace Corp.

                               By: _____

                               Its: _____ P-es

DATED: October 2̲0̲, 2014     Newport Corporate Car, Inc.
                              By: _____
                              Its: _____Pres_____

DATED: October 2̲0̲, 2014     _____
                              John L. Acierno

DATED: October 2̲0̲, 2014

                              _____
                              John L. Acierno III

DATED: October 2̲0̲, 2014     _____
                              Jeffrey Acierno

DATED: October___, 2014    Newport Corporate Car, Inc.

By: _____

Its: _____

DATED: October___, 2014

_____
John L. Acierno

DATED: October 29, 2014

_____
John L. Acierno III

DATED: October___, 2014

_____
Jeffrey Acierno

14