Case 1:13-cv-02666-GHW   Document 134   Filed 11/17/14   Page 1 of 6
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2014

| | |
|---|---|
| MUHAMMAD ANWAR, ILTAFAT HUSSAIN, AHMED NADEEM, SALMAN DURRANI, and SHEIKH Z. AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSPORTATION SYSTEMS, INC. d/b/a EXECUTIVE TRANSPORTATION GROUP; LOVE CORPORATE CAR INC.; N.Y. ONE CORPORATE CAR INC.; LOVE LIMOUSINE NYC, LTD.; SUMMIT CORPORATE CAR INC.; N.Y. ACE CORP.; NEWPORT CORPORATE CAR, INC.; JOHN L. ACIERNO; JOHN L. "CHIP" ACIERNO III; and JEFFREY ACIERNO,<br><br>Defendants. | No. 13-cv-2666-GHW |

**FINAL ORDER AND JUDGMENT GRANTING
PLAINTIFFS' MOTION FOR APPROVAL OF
FAIR LABOR STANDARDS ACT SETTLEMENT**

On April 23, 2013, Plaintiffs Muhammad Anwar, Iltafat Hussain, Ahmed Nadeem, and Essam Shamron filed a Class and Collective Action Complaint on behalf of drivers who have provided driving services for Defendant Transportation Systems, Inc., its owners, and several related entities ("Defendants"). ECF No. 1 (Compl.). The Complaint alleged that Defendants violated the FLSA and New York Labor Law ("NYLL") by: (1) misclassifying their drivers as "independent contractors," and failing to pay them overtime; and (2) taking unlawful deductions from drivers' earned wages. *Id.* ¶¶ 5-8.

Plaintiffs filed a Second Amended Complaint on January 9, 2014, which added overtime claims under the New Jersey Wage and Hour Law ("NJWHL") and two Plaintiffs, and removed one Plaintiff. *See* ECF No. 92 (2d Am. Compl.).

On August 21, 2013, the parties agreed to engage in targeted discovery in advance of mediation. Decl. of Rachel Bien in Supp. of Pls.' Mot. for Fair Labor Standards Act Settlement ("Bien Decl.") ¶ 11. The parties exchanged and reviewed relevant documents, including franchise and sublicensing agreements, fee agreements, training documents, company Rulebooks, payroll records, and Plaintiffs' tax documents. *Id.* Defendants also took the depositions of Plaintiffs Anwar and Hussain and opt-in Plaintiff Mohammad Faridi. *Id.*

On January 7, 2014, the parties attended a full day of mediation with a private mediator. *Id.* ¶ 12. The parties then attempted another settlement conference with Magistrate Judge Dolinger, but were still unable to reach a resolution. *Id.* ¶ 13. Following the conference, the parties returned to litigation. *Id.*

On April 28, 2014, a group of ETG drivers sought to intervene in the lawsuit. ECF Nos. 108-109, 120. Plaintiffs opposed their motion, which the Court denied on May 23, 2014. ECF Nos. 114-15, 121. Plaintiffs filed a Third Amended Complaint on June 6, 2014, which eliminated the class claims under Rule 23 of the Federal Rules of Civil Procedure and several Defendants, and narrowed the collective definition. ECF No. 125.

The parties resumed settlement negotiations in September 2014, which continued for several weeks. *Id.* ¶ 16. The parties then executed a final Settlement and Release Agreement ("Settlement Agreement"), Bien Decl. Ex. A, which created a settlement fund of $360,000 to be distributed to the Plaintiffs and the 231 Opt-In Plaintiffs who previously joined the lawsuit by filing consent to join forms ("Settlement Participants").

On November 11, 2014, Plaintiffs filed a Motion for Approval of the Fair Labor Standards Act Settlement, which Defendants do not oppose.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**APPROVAL OF THE FLSA SETTLEMENT**

1. The Court has determined that the Settlement Agreement satisfies the requirements for settlement approval under federal law.

2. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United* States, 679 F.2d 1350, 1353-54 (11th Cir. 1982); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5593, 2012 WL 4760910, at *6 (S.D.N.Y. Oct. 5, 2012). Courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food Stores*, 679 F.2d at 1354; *Capsolas*, 2012 WL 4760910, at *6. If the proposed settlement reflects a reasonable compromise over contested issues, it should be approved. *See Lynn's Food Stores*, 679 F.2d at 1354; *Capsolas*, 2012 WL 4760910, at *6.

3. The FLSA settlement in this case was the result of contested litigation involving substantial discovery, motion practice, and arm's-length negotiations conducted by experienced counsel and facilitated by a private mediator and a United States Magistrate Judge. Bien Decl. ¶¶ 8-17. Because the settlement resolves a dispute and involved arm's-length negotiations, settlement approval is appropriate. *See Lynn's Food Stores*, 679 F.2d at 1354; *Capsolas*, 2012 WL 4760910, at *6.

4. The Court also approves the proposed Settlement Notice ("Notice"), with the amendment noted below. Bien Decl. Ex. B. The Notice provides sufficient information regarding the terms of the settlement, including the allocation formula, the exclusion process, and the settlement process. *See Alli v. Boston Mkt. Corp.*, No. 10 Civ.

04, 2011 WL 6156938, at *4-5 (D. Conn. Dec. 9, 2011). Plaintiffs, however, are directed to amend the Notice by deleting the following two sentences from the second section of the "Basic Information" portion of the Notice: "The Honorable Gregory H. Woods, United States District Court Judge for the Southern District of New York, is overseeing this lawsuit. The lawsuit is known as *Anwar v. Transportation Systems, Inc.*, No. 13 Civ. 2666." Plaintiffs are directed to insert the following sentence in place of those two sentences: "This lawsuit was filed in the United States District Court for the Southern District of New York and is known as *Anwar v. Transportation Systems, Inc.*, No. 13 Civ. 2666."

### AWARD OF FEES AND COSTS TO PLAINTIFFS' COUNSEL

5. The Court awards Plaintiffs' counsel one-third of the settlement fund, $120,000, for their attorneys' fees and reimbursement of $20,000 of their out-of-pocket litigation costs.

6. Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). "Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general,' attorneys who fill the private attorney general role must be adequately compensated for their efforts." *Capsolas*, 2012 WL 4760910, at *8. "If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Id.*

7. Requests for one-third of the settlement fund are typical of fee awards in this Circuit. *See, e.g., Capsolas*, 2012 WL 4760910, at *8; *Willix v. Healthfirst Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011).

8. The requested fees and costs are reasonable. The work that Plaintiffs' counsel has performed to date, including document discovery, preparing for and defending

depositions, defeating a motion to intervene, and negotiating the settlement, was significant and contributed to the successful resolution of the claims. *See Capsolas*, 2012 WL 4760910, at *7. In addition, the requested fees and costs represent a small portion of the actual fees and costs that Plaintiffs' counsel incurred litigating and settling the case. *See* Bien Decl. ¶¶ 18-23.

## SERVICE PAYMENTS

9. The Court finds reasonable the service payments of $1,000 each to Plaintiffs Muhammad Anwar, Iltafat Hussain, Salman Durrani, Sheikh Ahmed, and Ahmed Nadeem and to Opt-In Plaintiff Mohammad Faridi in recognition of the services they rendered to collective members and the risks they incurred. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *12 (S.D.N.Y. Oct. 2, 2013).

## SETTLEMENT PROCEDURE

10. Within 10 days of this Order, the claims administrator will mail the Notice to the Settlement Participants. The Settlement Participants will have 45 days from the date of the mailing to exclude themselves from the settlement ("Notice Period").

11. Defendants will deposit $240,000 into the escrow account controlled by the claims administrator 10 days after the end of the Notice Period.

12. The claims administrator will mail Settlement Participants who do not exclude themselves their settlement payments 10 days after the expiration of the Notice Period. It will also mail Plaintiffs Muhammad Anwar, Iltafat Hussain, Salman Durrani, Sheikh Ahmed, and Ahmed Nadeem and Opt-In Plaintiff Mohammad Faridi their service payments at that time, as well as wire the attorneys' fees and costs to Plaintiffs' counsel.

13. Settlement Participants will have 90 days to cash their settlement checks. After the 90-day period expires, any uncashed amounts will be redistributed to Settlement Participants who cashed their checks or donated to a *cy pres* beneficiary as per the Settlement Agreement.

14. The Court retains jurisdiction over this action for purposes of enforcing the Settlement Agreement and overseeing the distribution of the settlement fund. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

15. No later than 10 days after the deadline for the distributions described in Paragraph 12 above, the parties shall confirm in a letter to the Court that the distributions have occurred. The Court will then enter an order dismissing the action with prejudice.

It is so ORDERED this 17th day of November, 2014.

_____
Honorable Gregory H. Woods
United States District Judge